IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOSEPH LEWIS GONZALES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:16-CV-215-D |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner JOSEPH LEWIS GONZALES has filed with this Court a *Petition for a Writ of Habeas Corpus by a Person in State Custody* challenging his conviction out of the 181st Judicial District Court of Potter County, Texas, for the felony offense of possession of a controlled substance and the resultant 15-year sentence. For the reasons set forth below, petitioner's application for federal habeas corpus relief should be DENIED.

I.
FACTUAL AND PROCEDURAL HISTORY

On October 15, 2014, petitioner was charged by Indictment with the 3rd degree felony offense of possession of a controlled substance in violation of section 481.115(c) of the Texas Health and Safety Code. *State v. Gonzales*, Cause No. 68,522-B. [ECF 16-7 at 20; 35-2 at 67]. Specifically, it was alleged that on or about January 27, 2014, petitioner:

> [D]id then and there, intentionally or knowingly possess a controlled substance, namely methamphetamine, in an amount of one gram or more but less than four grams.

[*Id.*]. The Indictment also alleged two (2) prior final felony convictions for purposes of enhancing

petitioner's punishment pursuant to section 12.42(d) of the Texas Penal Code. [*Id*.].

On December 23, 2014, petitioner, represented by appointed counsel, filed a motion to suppress alleging evidence against him was obtained as the result of an unconstitutional search and seizure in violation of his Fourth Amendment rights. [ECF 16-7 at 59-61]. On January 12, 2015, after an evidentiary hearing, the state trial court denied petitioner's suppression motion indicating he "personally view[ed]" the contact between petitioner and law enforcement as a consensual encounter rather than as the result of the officers conducting a traffic stop, and that the nearly contemporaneous search of petitioner's person (which resulted in the discovery of the methamphetamine) was consensual. [ECF 16-9 at 185].

Later that same day, January 12, 2015, after the state waived the second punishment enhancement paragraph, petitioner pled guilty to the possession charge and true to the first enhancement paragraph pursuant to a plea agreement. [ECF 16-7 at 70-77]. The trial court accepted petitioner's pleas, found petitioner guilty of the charged offense, enhanced, as alleged in the Indictment and, pursuant to the punishment recommendation, assessed petitioner's punishment at fifteen (15) years imprisonment in the Texas Department of Criminal Justice, Correctional Institutions Division. [ECF 16-9 at 186-194]. The trial court thereafter entered a corresponding Judgment of Conviction. [ECF 16-7 at 79-8035-2 at 69-70].

Petitioner, represented by new appointed appellate counsel, filed a direct appeal of his conviction to the Seventh Court of Appeals asserting the trial court abused its discretion and reversibly erred in denying his motion to suppress evidence. Petitioner specifically argued the evidence against him should have been suppressed because the contact between petitioner and police was not a consensual encounter because (1) said contact did not occur in a public place, and (2) even if the area was considered a public place, the show of authority by the police rendered the contact an impermissible investigative detention rather than a consensual encounter. *Gonzales v. State*, No. 07-

15-00039-CR. [ECF 16-2].[1]

On November 30, 2015, the state intermediate appellate court affirmed the trial court's judgment. The appellate court initially noted that without findings of fact and conclusions of law from the trial court and no explicit explanation for the trial court's suppression ruling, the court would affirm the underlying court's ruling if there was reasonable support in the record for the ruling and the ruling was correct on any applicable theory of law. The appellate court then found the record demonstrated the following: the supervising officer testified he personally saw petitioner commit a traffic violation; doing so gave the officer probable cause to detain petitioner; the supervising officer and two other officers contacted petitioner and obtained his consent to search his person; and this search yielded the contraband petitioner sought to suppress. The intermediate appellate court concluded that based on this state of the record, it was "unable to say the trial court clearly abused its discretion by failing to sustain [petitioner's] motion to suppress." [ECF 16-4, 35-2 at 72-78].

Petitioner sought review of the intermediate appellate court's opinion by filing a petition for discretionary review, together with a motion for an extension of time to file, with the Texas Court of Criminal Appeals. *Gonzales v. State*, No. PD-0084-16. [ECF 17-2; 17-3]. On January 27, 2016, the Court of Criminal Appeals dismissed the petition *per curiam* as untimely. [ECF 17-4].

On August 15, 2016, petitioner purportedly placed the instant petition for federal habeas corpus relief in the prison mail system, this Court receiving said petition and filing it of record August 18, 2016. [ECF 1]. On May 23, 2017, this case was abated in order for petitioner to exhaust his state court remedies. [ECF 24].

---

[1]In response, the State argued the following: the officers had reasonable suspicion to conduct a traffic stop, had intended to do so, and were in the process of doing so; that even though an intervening consensual encounter had occurred, the officers were still authorized to approach petitioner and detain him, even on private property, regarding the possible traffic infraction because of the reasonable suspicion that he had committed a traffic offense; that petitioner thereafter consented to the search resulting in the discovery of the methamphetamine; and that the officers' discovery, during the interaction, of petitioner's outstanding parole violation warrant and driver's license suspension, "attenuated any possible taint in the officers' interaction" with petitioner. [ECF 16-3].

On June 11, 2017, petitioner, acting *pro se*, prepared an application for state habeas corpus challenging his conviction and sentence, said petition being received and filed-marked by the state court on June 20, 2017. *Ex parte Gonzales*, WR 87,254-01. [ECF 35-2 at 5-38]. By his state habeas application, petitioner again alleged his conviction was unconstitutional because it was based on evidence obtained by an illegal search and seizure in violation of his Fourth Amendment rights, the exact same ground and bases he now presents in this federal petition. The State filed an answer opposing state habeas relief arguing the same issues were all raised and decided on direct appeal. [ECF 35-2 at 40-43]. On August 23, 2017, the Texas Court of Criminal Appeals denied state habeas relief without a written order. [ECF 35-1].

On September 6, 2017, the stay in this case was lifted and respondent was ordered to answer petitioner's federal habeas application. [ECF 30; 31]. On November 3, 2017, the State filed its answer opposing federal habeas corpus relief. [ECF 34].

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reasons:

Petitioner's conviction is based on evidence obtained as the result of an illegal search and seizure in violation of his Fourth Amendment rights because:

1.    the contact between petitioner and the police was not a valid consensual encounter because it did not occur in a public place;

2.    the trial court erred in denying his motion to suppress;

3.    petitioner was subjected to unconstitutional profiling; and

4.    the officer's search of petitioner's person exceeded the scope of his consent to a search for weapons.

III.
## STANDARD OF REVIEW

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody under a state court judgment shall <u>not</u> be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication:

1.  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

2.  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001).  A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case.  *Williams*, 529 U.S. at 407-08; *see also Neal v. Puckett*, 286 F.3d 230, 236, 244-46 (5th Cir. 2002) (en banc per curiam), *cert. denied*, 537 U.S. 1104 (2003).  A determination of a factual issue made by a state court shall be presumed to be correct. 28 U.S.C. § 2254(e)(1).  The applicant has the burden of rebutting this presumption of correctness by clear and convincing evidence.  *Hill*, 210 F.3d at 485.  When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption.  *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex.Crim.App. 1997).

Whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning.

*Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011).  Where a state court's

decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by

showing there was no reasonable basis for the state court to deny relief.  *Id*.  This is so whether or not

the state court decision reveals which of the elements, in a multi-part claim, it found insufficient.

Section 2254(d) applies when a "claim," not a component of one, has been adjudicated.  *Id.*

Here, petitioner filed a state habeas application challenging the constitutionality of his

conviction and sentence alleging exactly the same grounds alleged in the instant federal habeas petition.

The Court of Criminal Appeals denied petitioner's state habeas application on August 23, 2017 without

written order.  *Ex parte Gonzales*, No. WR 87,254-01 [ECF 35-1].  The ruling of the Texas Court of

Criminal Appeals constitutes an adjudication of petitioner's claims on the merits.  *Bledsue v. Johnson,*

188 F.3d 250, 257 (5th Cir. 1999).  Consequently, this Court's review is limited to a determination of

whether petitioner has shown the state court's decision that petitioner was not subjected to an

unconstitutional search and seizure was based on an unreasonable determination of the facts in light of

the evidence before the state court, or was contrary to, or involved an unreasonable application of,

clearly established federal law, as determined by the United States Supreme Court.

IV.
MERITS

In his form federal habeas application, petitioner has not alleged in any way, much less

proven, the threshold standards to obtain federal habeas relief.  Petitioner has merely repeated the

same allegations verbatim from his state habeas application without attempting to show in what

way the state court's denial of relief was based on an unreasonable application of federal law as

determined by the United States Supreme Court, or on an unreasonable determination of facts in

light of the evidence.  Petitioner fails to identify any clearly established Supreme Court precedent

that supports his allegations, nor has he argued how the state court's determination of the facts were

unreasonable.  Petitioner has not established the mandatory predicate that must be met before this Court can grant federal habeas relief.  Consequently, <u>all</u> of petitioner's claims are foreclosed by the AEDPA re-litigation bar, and petitioner's federal habeas application is subject to denial solely on this basis.  Nonetheless, the undersigned has briefly addressed petitioner's claims to show petitioner would not be entitled to federal habeas relief on the merits of each claim.

### A.  Petitioner's Claim of a Fourth Amendment Violation

All of petitioner's grounds assert various bases for one claim:  that the evidence used against him to obtain his conviction was obtained as the result of an invalid search and seizure in violation of the Fourth Amendment to the United States Constitution.  Fourth Amendment claims are barred from federal habeas review under the United Supreme Court's holding in *Stone v. Powell*, 428 U.S. 465, 494 (1976).  Federal courts have no authority to review a state court's application of Fourth Amendment principles in federal habeas corpus proceedings unless the petitioner was denied a full and fair opportunity to litigate his claims in state court.  *Id*.  Here, petitioner had a full and fair opportunity to, and in fact did, litigate the legality of the search and seizure prior to the entry of his guilty plea.  Moreover, petitioner raised his Fourth Amendment claims not only at trial, but also on direct appeal, on PDR (although not considered because untimely filed), and on collateral review of his conviction in a state habeas corpus proceeding.  Petitioner's claims of an unconstitutional search and seizure were rejected at all levels of state consideration and direct review, as well as on state collateral review.  As petitioner was not prevented from litigating his claims in state court and, in fact, received state court rulings on his claims, he is now barred from re-litigating these claims in this federal habeas corpus proceeding.  Petitioner's claims must be denied.

Again, petitioner has not attempted to demonstrate, much less actually demonstrated, the state courts' rejections of this issue were objectively unreasonable under Supreme Court precedence, or

were based on an unreasonable determination of facts in light of the evidence. Petitioner's disagreement with the courts' determinations, in and of itself, is not sufficient to entitle petitioner to federal habeas corpus relief. Petitioner's claim must be denied.

## V.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the Senior United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner JOSEPH LEWIS GONZALES be DENIED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED March 19, 2019.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United

States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).

GONZALES-215.AEDPA:2